(No. 3965— 

Iva Berthold, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed January 14, 1947.*

Claimant, pro se.

George F. Barrett, Attorney General; C. Arthur Nebel, Assistant Attorney General, of counsel, for respondent.

Damron, J.

Iva Berthold, for more than eleven years has been employed at the Lincoln State School and Colony, an institution conducted and maintained by the respondent through the Department of Public Welfare, near Lincoln, Illinois.

For the past seven years she was a worker in the

laundry of the institution and assisted, supervised, and at times operated machinery used in the laundry.

On December 19, 1945 this claimant was operating a steam presser which was controlled and operated by compressed air. Due to a faulty air line the heavy top board of the presser fell upon her hands and forearms, there being no foot release on the presser she was compelled to remain in that position while live steam flowed through the top portion of the presser upon her hands and arms until she was released by a patient.

Her injuries were treated in the hospital of the institution, where it was found that she was suffering from third degree burns on the dorsal surface of both hands, forearms and fingers. She remained there receiving treatment from the date of the injury until January 10, 1946. She was first attended by Doctor Slakus. Later it was found necessary to perform skin grafting operations. The first operation was performed by Doctor E. C. Gaffney at Lincoln, Illinois. The second operation was performed at the St. Luke Hospital, Chicago, Illinois by Doctor Paul Greeley, a plastic surgeon.

On April 9, 1946, Doctor Greeley made the following report:

"This patient has bilateral dorsal burn scar contractures on the extensor surfaces of each hand. The contracting scars extend down over the fingers and up over the forearm."

On August 8, 1946 Doctor Greeley again reported as follows:

"Mrs. Berthold has been discharged from St. Luke Hospital. Her grafts have grown completely and her progress to date is satisfactory. There is some tendency to develop some fibrosis beneath the grafts which make for a little wrinkling of the new surface covering. I have advised her to use her hands as much as possible, to soak them in warm water and massage them, following which they should smooth out quite well during the next two or three months."

At the September 1946 term of this Court the claimant appeared before its members for personal observation. We found she had a healed scar approximately six inches long and about two inches wide on the extensor surface of her right hand which commenced at her fingers and extended into the forearm above the wrist. The skin grafting left a scar of a dark brownish color, wrinkled surface and was not pliable. The left hand had a healed scar about nine inches long and about two and one-half inches wide on the extensor surface from the forearm down and involved the first, second, and third fingers. The scars were ugly, the texture of the new grafted skin was leatherlike, considerably wrinkled and she was unable to close her left hand to any extent. These injuries are permanent.

The stipulation entered into between the claimant and the respondent shows that respondent paid all medical and hospital bills for the claimant except the bill of Doctor E. C. Gaffney, First National Bank Building, Lincoln, Illinois, in the sum of $150.00.

The record discloses that claimant was totally disabled, as a result of her injuries, from December 19, 1945 until June 5, 1946. During this period she was recovering from skin grafting operations performed by Doctor E. C. Gaffney. On the last mentioned date she returned to the institution and was reemployed until July 15, 1946. On that date she was sent to Chicago, Illinois and placed under the care of Doctor Paul Greeley who performed another skin grafting operation which totally disabled her from performing work until October 1, 1946. Claimant therefore was temporarily totally disabled for 34 weeks and 3 days.

The departmental report filed in this cause shows that the annual salary of this claimant for one year next

preceding the injury was $1,582.49. Therefore her average weekly wage was $30.43.

On this record we find that the claimant and respondent were on the 19th day of December 1945 operating under the provisions of the Workmen's Compensation Act; that on the date last above mentioned said claimant sustained accidental injuries which arose out of and in the course of her employment; that notice of said accident was given respondent and claim for compensation on account thereof was made on the respondent within the time required under the provisions of said Act.

The Court further finds that the claimant was incapacitated for 34 weeks and 3 days for which she is entitled to temporary total compensation, at $18.00 per week, amounting to the sum of $619.71 from which must be deducted the sum of $563.63 heretofore paid by respondent to claimant during her disability as salary in lieu of temporary compensation leaving a balance due claimant for temporary total disability the sum of $56.08.

On the basis of the above findings an award is entered as follows:

1. The sum of $18.00 per week for a period of 135 weeks, as provided in Section 8 Paragraph (e) of said Act as amended, for the reason the injury sustained caused a 60% permanent loss of use of the left arm of claimant, amounting to the sum of $2,430.00.

2. The sum of $18.00 per week for a period of 127½ weeks as provided in Section 8 Paragraph (e) of said Act as amended, for the reason the injury sustained caused a 75% permanent loss of use of the right hand of the claimant, amounting to the sum of $2,295.00, making a total award for specific injuries received by claimant in the sum of $4,725.00.

3. The sum of $56.08 representing the balance due claimant for temporary total compensation.

4. The sum of $150.00 for the use of Doctor E. C. Gaffney, Lincoln, Illinois.

5. Of these awards amounting to the sum of $4,931.08 the following amounts are payable forthwith:

$150.00 for the use of Doctor E. C. Gaffney.
$ 56.08 due as balance on temporary total compensation.
$270.00 accrued on specific injuries to January 14, 1947.

The balance of the award amounting to $4,455.00 is payable to claimant at $18.00 per week for 247 weeks, commencing January 21, 1947, with one final payment of $9.00.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of Compensation awards to State employees."